STATE OF MAINE

CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
DOCKET NO: RE-05-177

GARY DREW,
d/b/a/ DREW EXCAVATING,

        Plaintiff

  v.

ALAN TOOLE,
MEGHAN and JOEL STONROCK,
And MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

        Defendants

**ORDER ON
DEFENDANT MERS'
MOTION TO DISMISS**

The case comes before the Court on Defendant Mortgage Electronic

Registration Systems, Inc.'s motion to dismiss Plaintiff Gary Drew, d/b/a Drew

Excavating's complaint against it.

## BACKGROUND

Plaintiff Gary Drew, d/b/a Drew Excavating ("Drew") alleges the

following in his complaint. Drew contracted with Alan Toole ("Toole"), the

building contractor, to provide excavating services at the Stonerock residence on

124 Cobble Hill Road, New Gloucester, Maine. Drew performed the labor with

the knowledge and consent of the Stonerocks and Mortgage Electronic

Registration Systems, Inc. ("MERS"), the mortgagee.[1] Although Drew properly

performed his work, Toole breached the contract by failing to pay for his

services. As a result, Drew filed a mechanic's lien on October 19, 2005 with the

---

[1] MERS provided a construction loan of approximately $8,000.

Registry of Deeds in Cumberland County. Drew's complaint sounds in breach of contract, unjust enrichment, quantum meruit, violation of the prompt payment act, and mechanic's lien.

## DISCUSSION

In support of this motion to dismiss, MERS contends that it held the mortgage prior in time and recording to the recording of Drew's lien. It further contends, in its supplemental motion to dismiss, that Drew has not established MERS' knowledge and consent of the construction work being done. As such, MERS argues that the case should be dismissed against it.[2]

A motion to dismiss tests the legal sufficiency of the complaint. *New Orleans Tanker Corp. v. Dept. of Trans.*, 1999 ME 67, ¶ 3, 728 A.2d 673, 674. In reviewing a motion to dismiss, the Court must accept the material allegations as admitted and view the complaint "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* ¶ 3, 728 A.2d at 674-75. Dismissal is warranted only when it appears beyond doubt that a plaintiff is entitled to no relief under any set of facts that he might prove in support of his claim. *Seacoast Hanger Condominium II Assoc. v. Martel*, 2001 ME 112, ¶ 16, 775 A.2d 1166, 1171.

Pursuant to the mechanic's lien statute, a mortgagee bank is treated as an owner of the premises for the purposes of evaluating the priority of a mechanic's lien. *Carey v. Boulett*, 158 Me. 204, 182 A.2d 473, 475 (1962). However, for the

---

[2] MERS also contends that Drew did not comply with discovery requests to establish MERS' knowledge and consent of the construction. Drew correctly points out that this is not a basis for a motion to dismiss, but rather a discovery dispute pursuant to M.R. Civ. P. 26(g) and 37.

mechanic's lien to apply to the mortgagee, the mortgagee must have had knowledge of and consented to the work done. *Id.*

In the instant case, Drew alleged in his complaint that MERS, the mortgagee, had knowledge of and consented to the excavating work performed by Drew. Whether or not the evidence derived from discovery establishes as much may be more appropriately raised in a motion for summary judgment. Here, however, on a motion to dismiss, the Court is limited to reviewing the complaint alone. As alleged, the mortgagee is treated as the owner in regards to the claim for a mechanic's lien.

The entry is as follows:

Defendant MERS' motion to dismiss is DENIED.

DATE: _May 26, 2006_

Roland A. Cole
Justice, Superior Court

JONATHAN FLAGG ESQ
FLAGG LAW
93 MIDDLE STREET
PORTLAND ME 04101

> mort. Elec. Reg. Syst.

A ROBERT RUESCH ESQ
PO BOX 586
PORTLAND ME 04112

> Plaintiff

JOHN TURCOTTE ESQ
PO BOX 2412
SOUTH PORTLAND ME 04116

> Stonerocks
route